# WHEELING.

## TOWN OF MOUNDSVILLE *v.* VELTON.

35      217
64      339

Submitted June 4, 1891.—Decided June 13, 1891.

1. MUNICIPAL CORPORATIONS—JUDICIAL NOTICE — ORDINANCES —
   EVIDENCE.
   Courts of a municipal corporation will take judicial notice of
   its ordinances without allegation or proof of their existence.

2. MUNICIPAL CORPORATIONS— JUDICIAL NOTICE — ORDINANCES—
   APPEAL.
   Where, upon conviction of a violation of an ordinance of a
   municipal corporation before its mayor, an appeal is taken to the
   Circuit Court, under section 230, c. 50, and section 39, c. 47, Code
   1887, on the trial of such appeal the Circuit Court will take judi-
   cial·notice of such ordinance.

3. MUNICIPAL CORPORATION—APPEAL—DEMURRER TO EVIDENCE.
   Where such appeal is tried by a court in lieu of a jury, upon
   a review of the case upon the evidence by this Court it will be
   treated as upon a demurrer to the evidence, and the appellant
   regarded as a demurrant to evidence.

28

4. MUNICIPAL CORPORATIONS—ORDINANCES—REVERSAL OF JUDG-
MENT.

A conviction for a violation of an ordinance of a municipal cor-
poration will not be reversed for want of a plea by the defendant.

*J. B. McClure* and *D. B. Evans* for plaintiff in error, cited
1 Dill. Mun. Corp. §§ 413, 422; Abb. Tr. Ev. 40, 470; 30
Ia. 291; 23 Minn. 254; Acts 1889, c. 4, s. 15; 118 U. S. 356,
369; 96 U. S. 107; 110 U. S. 516; 115 U. S. 512, 519; Dent
*v.* State of W. Va. Id.; 21 W. Va. 796, 800; 25 W. Va. 692,
704; 12 How. (U. S.) 246; 20 Gratt. 143; 1 Chitt. Pl. (16th
Ed.) 404; 1 Dill. Mun. Corp. 176, 181; 7 Blackf. 36; Whar.
Cr. Ev. §§ 103, 104; 14 R. I. 331; 5 Mich. 305, 327; 5 Gibb.
Cr. Rep. 332–335; 4 W. Va. 180; 26 W. Va. 583; Id. 106,
109.

*Ewing, Melvin & Riley* for defendant in error, cited Acts
1889, c. 4, s. 15; 9 Ill. App. 339; 12 Ill. App. 318; 25 W.
Va. 267–281; 19 Mich. 352; 21 S. C. 319; 11 Ia. 407; 12 B.
Mon. 28; 47 Ia. 572; 24 Kan. 211; 37 O. St. 24; 20 W. Va.
672; 69 Mo. 626; 74 Mo. 79; 3 Yeat. 475, 476; 62 Wis. 305;
78 Ill. 11; 47 Ind. 208; 92 Ind. 13; 39 Me. 212; 25 W. Va.
119, 120, 122; 27 W. Va. 182, 183.

BRANNON, JUDGE:

L. E. Velton was convicted before the mayor of the town
of Moundsville upon a warrant for selling spirituous liquors
without license, in violation of an ordinance of said town,
and fined, and upon an appeal to the Circuit Court of Mar-
shall he was again convicted and fined, and he has come to
this Court upon a writ of error.

We are asked to reverse the Circuit Court's judgment,
first, on the ground that the ordinance on which the pros-
ecution rests was not given in evidence.   It is well settled
that courts do not judicially notice the ordinances of a
municipal corporation unless directed by charter or statute
to do so, but they must be pleaded and proven as facts.   1
Dill. Mun. Corp. § 413.   But it is equally well settled that
the courts of the municipality will take judicial notice of
such ordinances without pleading or proof.   *Wheeling* v.
*Black*, 25 W. Va. 266; 1 Dill. Mun. Corp. § 413.   It was

not necessary to prove such ordinance on the trial before the mayor. Then, is it necessary, when an appeal is taken to the Circuit Court and a new trial is there had, that proof should be given of such ordinance on such new trial? Clearly it is not necessary to allege in the complaint or warrant the existence of such ordinance. Then, is it necessary, when the case goes to the Circuit Court, to amend the warrant or complaint or file any pleading alleging the existence of the ordinance? In an action brought in the Circuit Court it would be necessary to allege the ordinance; but I think no one would venture the proposition that on such appeal the pleading must be changed to make such allegation. Why not? Because the case started in the municipal court. If the pleading do not, and need not, allege the existence of the ordinance, why require proof of it? If the law excuses the absence of an allegation of such ordinance, why will it not excuse evidence of it? Again, shall it be said that when we are in the municipal court we need not prove the ordinance, but that when the case is transferred to the Circuit Court such proof must be given, though it is only a re-trial of identically the same matter? This, it seems to me, would be an unreasonable anomaly. I think the rule of reason and common sense is that, as the law does not require such allegation or proof of the ordinance in the municipal court, neither does it require it on appeal to the Circuit Court; that the Circuit Court is only substituted for the municipal court in this case. And so it was held in *City of Solomon* v. *Hughes*, 24 Kan. 211.

The second ground on which reversal is asked is, that the case was commenced in 1888, and was pending on February 13, 1889, when the town of Moundsville was by an act of the legislature re-chartered under the name of the city of Moundsville, which provided that proceedings then pending in the name of the town of Moundsville should be proceeded with, tried and determined in the name of the city of Moundsville; and there was no order that the case proceed in the name of the city of Moundsville until after the trial on the evidence and the finding of the defendant guilty. After the judge, who tried the case in place of a jury, had heard the evidence and adjudged the defendant

guilty, the defendant for this cause moved in arrest of judgment; and then the court changed the style of the case from that of "The Town of Moundsville v. L. E. Velton," to that of "The City of Moundsville v. L. E. Velton," and then rendered judgment. The municipality had for years been a corporate entity under the name of the town of Moundsville, and its corporate entity never ceased for a moment, for there was no hiatus or break in its corporate existence under the former charter and the new charter; the only change under the new charter being the substitution of the word "city" for the word "town"—the same corporation, under a changed name only. Is it possible that these facts can reverse the judgment? Is not the objection unsubstantial? How does it prejudice the defendant? There is no change of the subject-matter in issue. The most that might be said is that there is a change of party; but that is only in name. The action and the cause of action were certainly kept alive by the letter of the statute. The judgment is in the proper name. The only vice is the immaterial one of the judge's hearing the evidence, and adjudging the defendant guilty, before changing the title of the proceeding.

Another point made against the finding is that there was no evidence of a sale of the ale; that the witness's opinion that it was a sale is not evidence of a sale. The witness stated that the defendant kept a saloon. When asked whether he purchased any liquors of defendant, he answered that he got a glass of ale of defendant; that he asked for beer, but defendant said that he had no beer; but would give witness a glass of ale; that he got the ale, but did not pay for it. When asked why he did not pay for it, he answered: "Well, I don't know why I didn't pay for it, unless it was because he was up before the town." When asked whether he had been in the habit of buying liquor there before or since, he answered: "I had been in the habit of going; yes, sir." When asked whether he bought any before that time, he answered: "I may have, but I don't remember of it." When asked whether it was a sale or gift of the ale, he answered: "Well, I regarded it as a sale at the time then." The witness was evidently unwil-

ling. The judge saw and heard him. We can not say that his finding is erroneous. The witness's statement that he regarded it as a sale is admissible. Can not one of the contracting parties state his intent in the purchase? Intention of the parties is an important element in a sale, and it is not merely opinion evidence for a party to a sale to say in what light he regarded it, for it reflects the intent of himself, at least, if not both parties. A saloon-keeper, presumably, does not intend to give away liquors. Unless shown to be a gift, the fair implication would be one of sale. To say the least, there was some evidence to sustain the finding. And we must remember that, where a case is tried by a court in lieu of a jury, in this Court the case will be regarded as on a demurrer to evidence, placing the appellant under the disadvantage borne by a demurrant to evidence. *State* v. *Miller*, 26 W. Va. 106.

The next point made against the conviction is that the defendant was convicted before the mayor on a sale to one person, and before the circuit court on a sale to another person. There is no need to detail evidence as to this point. Suffice it to say that it must affirmatively appear that the conviction before the mayor was for one sale, and that before the court for another, and that it does not so appear here. For anything appearing, the conviction before the mayor may have been, as it was in the Circuit Court, for a sale to James Burley.

The last point against the judgment is that there was no issue joined. Were this an indictment, certainly a plea would be indispensable. But formal pleadings are not necessary in proceedings before justices. No provision of chapter 50, Code 1887, requires such a plea. After providing in section 223 that the warrant shall describe the offence, section 225 provides that, "on the appearance of the accused, the justice may proceed to try the case." It is not supposed that the charge can be taken for confessed, but that the prosecution must prove its case, though there be no plea of denial. The plea would simply be, "Not guilty." And if we see that the town was required to prove its case, as if such plea had been entered, how does the defendant suffer for want of the plea? In *Lexington* v. *Curtin*, 69 Mo. 626,

*St. Louis* v. *Knox,* 74 Mo. 79, it was held that in proceedings to recover penalties under city ordinances there need be no plea, as in criminal proceedings on indictments. Moreover, there may have been a plea before the mayor. There is no full transcript of his proceedings before us. The judgment is affirmed.

AFFIRMED.