*J. F. Clark,* for plaintiff.

*White, Johnson, McCaslin & Cannon,* for defendant.

---

## JUDICIAL NOTICE OF ORDINANCES.

[Circuit Court of Ashtabula County.]

ALBERT STRAUSS v. VILLAGE OF CONNEAUT.

Decided, January Term, 1902.

*Sunday—Prosecution for Keeping Place of Business open on—Courts will Take Judicial Notice of Ordinance—What it Must Contain— Need not be Included in Bill of Exceptions.*

1. In a prosecution for the violation of a municipal ordinance, a municipal court will take judicial notice of the existence of the ordinance.
2. A court of review occupies the same relation to the ordinance as the municipal court, and where one against whom a penalty has been assessed for the violation of an ordinance seeks to have the judgment reversed, the reviewing court will also take judicial notice of the ordinance under which the conviction was had.
3. An ordinance prohibiting common labor or the opening of places of business on Sunday is invalid if works of necessity or charity are not excepted therefrom, and a judgment of conviction under such an ordinance will be set aside.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

Heard on error.

Strauss was convicted before the police justice for a violation of an ordinance of the village of Conneaut for keeping his place of business open on Sunday.

The ordinance provides "that it shall be unlawful for any person over fourteen years of age to engage in common labor or to open or cause to be opened any building or place for the transaction of business on the first day of the week, commonly called Sunday.

The ordinance further provides in a separate section that its provisions do not extend to persons who conscientiously observe the seventh day of the week as the Sabbath, and who do in fact on that day abstain from the doing of the things prohibited by the ordinance, but does not exempt works of necessity and charity.

Strauss, by his counsel, filed a motion for a new trial, which was overruled by the police justice, and six days were given to prepare, have allowed and file a bill of exceptions, which was done.

Application was made to the court of common pleas to file a petition in error, which was granted by the court. Thereupon the village, by its counsel, filed a motion to strike the bill of exceptions from the files for the reason that the ploice justice had no authority to allow six days to prepare and file a bill of exceptions. The motion was sustained and the petition in error was dismissed by the common pleas court.

The ground of error relied upon is that the ordinance under which Strauss was tried and convicted is invalid for the reason that it does not except works of necessity and charity. The question was not passed upon by the court below for the reason that the ordinance was included in the bill of exceptions, and the bill being stricken from the files, that question, as it was claimed, was not before the court. The principal argument before us has been as to whether or not the common pleas court erred in striking the bill of exceptions from the files for the reason that the police justice had no authority to give time for the filing of a bill of exceptions.

As to whether or not a municipal court, in a prosecution for a violation of an ordinance, has the power to extend the time after judgment for the filing of a bill of exceptions has been much controverted. In two circuits, the sixth and eighth, it has

been decided it has no such power, while in the second it is held
that it has. As we view the case it is not necessary for us to
determine this question, for the reason that this court will
take judicial notice of the provisions of the ordinance under
whch the accused was convicted, and its incorporation in the
bill of exceptions was unnecessary.

Upon the trial in the municipal court the police justice must
have considered the ordinance under which the charge was
made independent of whether it was introduced in evidence or
not. It was not necessary in the affidavit to aver the existence
the contents of the ordinance, nor was it necessary to prove
the same. Courts of general jurisdiction will not take judicial
notice of municipal ordinances in original actions brought upon
the ordinance, but in actions in the municipal court in a crim-
inal prosecution for a violation of the ordinance the jurisdic-
tion of the court depends upon the ordinance under which the
prosecution is had. The ordinance is the foundation of the prose-
cution.

The question has not been determined by our Supreme Court,
and so far as we know by any circuit court of this state. While
there is a diversity of holding in the other states (17 Am. &
Eng. Enc. Law, 2d Ed., 937), we think the better opinion is
that municipal courts will take judicial notice of the ordinances
of municipalities in actions to enforce the same, and that it is
not necessary to introduce the ordinance in evidence. *Solomon
v. Hughes,* 24 Kans., 211; *Downing* v. *Miltonvale,* 14 Pac. Rep.,
281 (36 Kans., 740); *Moundsville* v. *Velton,* 13 S. E. Rep., 373
(35 W. Va., 217); *Laporte City* v. *Goodfellow,* 47 Ia., 572; *In-
corporated Town of Scranton* v. *Danenbaum,* 80 N. W. Rep.,
221 (Ia).

If the municipal court takes judicial notice of the ordinance
under which the conviction is had, the reviewing court must do
the same, otherwise the accused would be without remedy. It
not being necessary to introduce the ordinance in evidence, the
record would be barren of the ordinance, and however invalid
the ordinance might be, the accused could not have determina-
tion of the reviewing court upon its validity. The reviewing

court occupies the same position as the municipal court in relation to the ordinance; what was law before it is law in the reviewing court, and what was fact before it is fact before the reviewing court. The law need not be averred and proven while the facts should be. One is taken judicial notice of; the other must come before it by a bill of exceptions. *Hanley* v. *Donoghue,* 116 U. S., 1 (6 S. Ct. Rep., 242); *Moundsville* v. *Velton,* 13 S. E. Rep., 373 (35 W. Va., 217); *Downing* v. *Miltonvale,* 14 Pac. Rep., 231 (36 Kans., 740); *Keck* v. *Cincinnati,* 4 Dec., 324; 17 Am. & Eng. Enc. Law (2d Ed.), 938.

This holding in no way conflicts with the decision in *Toledo* v. *Libbie,* 19 C. C., 704, 705. That case was an original action brought in the common pleas court, and that court could not, under the well settled rules of law, take judicial notice of the ordinance, but held that it must be plead and proved, and, therefore, the circuit court upon review could not consider the ordinance, it not being attached to the bill of exceptions. In that case it was said, however, that "city courts and mayors of villages take judicial notice of the ordinances of their respective municipal corporations."

The ordinance in this case is attached to the record and is certified by the police justice as the ordinance under which the conviction was had, and counsel concede that to be so; it shows that no exception is made of works of necessity and charity. However necessary it might have been for the accused to open his store, or whatever charitable purpose it was to subserve, could not have been shown under the ordinance. It must, therefore, be held invalid. Such is the distinct holding in *Canton* v. *Nist,* 9 Ohio St., 439. The judgments of the common pleas court and of the police justice are reversed and the accused is discharged at costs of defendant in error. Case remanded to common pleas court for execution.

*Parker & Smith,* for plaintiff in error.

*A. M. Cox,* for defendant in error.