[No. 7058. Decided April 16. 1908.]

THE CITY OF SPOKANE, *Respondent*, v. R. J. GRIFFITH, *Appellant*.[1]

MUNICIPAL CORPORATIONS—ORDINANCE — EVIDENCE — JUDICIAL NOTICE. A conviction in a city police court of the violation of a city ordinance, which was read to the jury by the court from a bound volume of ordinances printed by authority of the city, cannot be objected to on appeal on the ground that the ordinance was not introduced in evidence, where no objection was taken below, since the existence of the ordinance was sufficiently established or would be judicially noticed.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered June 25, 1907, upon a trial and conviction of the violation of a municipal ordinance relating to disorderly conduct. Affirmed.

*Alex. M. Winston*, for appellant.

*L. R. Hamblen*, *F. D. Allen*, and *Harry A. Rhodes*, for respondent.

[1]Reported in 95 Pac. 84.

Root, J.—Appellant was charged in the police court of the city of Spokane with disorderly conduct, and convicted. He appealed to the superior court, and upon a *de novo* trial, a verdict of guilty was returned. A motion to vacate the verdict and discharge the prisoner was denied, and judgment and sentence was entered upon the verdict. From this judgment, the present appeal .is prosecuted. In his brief appellant says: "There is but one question presented by this appeal. Did the failure of respondent, at the trial of this cause in the superior court, to introduce evidence of the existence of, or the contents of, Ordinance No. A1324, constitute a complete failure of proof."

The ordinance mentioned is that under which appellant was prosecuted. The statement of facts recites that the court gave the jury the substance of the ordinance, and also, "That counsel for the plaintiff called the court's attention and submitted to the court for examination Ordinance No. A1324 of the code and charter of the city of Spokane." Said ordinance was in a bound and printed volume, which bore the certificate of the city clerk, and was printed by the authority of the city of Spokane. The court read the ordinance in full to the jury in giving its instructions to them.

There is some difference of opinion among the authorities as to whether an appellate court may take judicial notice of a city ordinance in a case appealed from a municipal court which was authorized to take such notice of the ordinance. It is unnecessary for us to pass upon this question as we think the existence and contents of this ordinance were sufficiently established by being read to the jury from a legally authorized publication thereof. No exception appears to have been taken to this reading to the jury and no question was raised as to the authenticity of the ordinance so read. As to competency of the evidence, see Bal. Code, §§ 1299, 3947, 6851 (P. C. §§ 406, 7985, 2104).

The judgment of the superior court is affirmed.

Hadley, C. J. and Crow, J., concur.

FULLERTON, J. (concurring)—As I understand the rule, the appellate court will take judicial notice of any fact that the court of original jurisdiction must judicially notice. Here the ordinance in question was within the judicial knowledge of the police court, and, being so, it was equally within the knowledge of the superior court to which the cause was appealed. The city of Spokane, therefore, was under no necessity of proving the ordinance, and its omission to do so regularly was not fatal to its case. For this reason I concur in the judgment.

MOUNT, J., concurs with FULLERTON, J.