[No. 16825.  *En Banc.*  January 20, 1922.]

## THE CITY OF OLYMPIA, *Respondent,* v. WILLIAM NICKERT, *Appellant.*[1]

EVIDENCE (10)—JUDICIAL NOTICE—ORDINANCES. A city police court may take judicial notice of an ordinance whose violation is charged against defendant without the complaint setting out the ordinance other than by its number.

SAME (1)—JUDICIAL NOTICE—BY APPELLATE COURT. On appeal from a police court on a prosecution for the violation of a city ordinance of which judicial notice is taken by the police court, such ordinance is equally within the judicial knowledge of the superior court to which the appeal is taken.

MUNICIPAL CORPORATIONS (53) — ORDINANCES — PLEADING. Rem. Code, § 291, respecting the manner of pleading a city ordinance applies only in cases originally commenced in courts other than those of the municipality whose ordinance is involved.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered September 13, 1921, upon a trial and conviction of selling intoxicating liquor. Affirmed.

*Vance & Christensen,* for appellant.

*George R. Bigelow* and *William W. Manier,* for respondent.

MITCHELL, J.—The defendant was charged with a crime and convicted in the police court of the city of Olympia. The complaint was:

"That one W. Nickert on or about the 1st day of April A. D. 1921, at Room 5, Alden Hotel, within the corporate limits of the City of Olympia, in said county and state, committed the offense of selling intoxicating liquor, to wit: Whiskey all of which is contrary to the form of Ordinance No. 1657 in such case made and provided, and against the peace and dignity of the state of Washington."

[1]Reported in 203 Pac. 946.

He appealed to the superior court, and upon trial before a jury was again found guilty, and from a judgment entered on the verdict has appealed to this court.

The several assignments of error presented by the appeal center in the contention that no cause of action was stated in the complaint because it failed to properly plead the ordinance upon which the action was based, and failure of the prosecution to prove the ordinance, which objections were seasonably presented before and after the verdict in the superior court.

The trial in the superior court was had upon the same complaint as the one used in the police court. The complaint gives the number of the ordinance but contains no statement of its title nor of the date of its passage. It did not follow the requirements of § 291, Rem. Code (P. C. § 8376), on which appellant relies. Section 1260½, Rem. Code (P. C. § 8374), cited by appellant, provides the manner for the proving of city ordinances. The superior court took judicial notice of the ordinance and instructed the jury according to its terms. This, we think, it had the power and right to do. The case of *Seattle v. Pearson,* 15 Wash. 575, 46 Pac. 1053, following the general rule, is authority to the effect that a court of a municipality will take judicial notice of the ordinances of the city and that it is not necessary, in such court, to plead the ordinance by title and date of passage in a criminal complaint charging a violation of the ordinance. See, also, Dillon on Municipal Corporations (5th ed.), vol. 2, § 639, which is the same as § 413, vol. 1, Dillon on Municipal Corporations (4th ed.), cited in the *Pearson* case, *supra.*

Thus, under the complaint in this case, entirely sufficient as against the objection urged, the appellant became familiar in the municipal court with the facts constituting the crime with which he was charged. This is the ultimate purpose of criminal complaints in all

of the courts. Nor was he less familiar with those facts upon his trial *de novo* in the superior court to which he appealed. The statutes require no other or different pleading for the purpose of the *de novo* trial in the superior court.

In determining the power and duty of the superior court in such situation, notwithstanding some apparent difference of opinion in the authorities, we adopt what is stated in McQuillin on Municipal Corporations, vol, 2, p. 861, to be the "better view" and which is tersely stated in the concurring opinion in *Spokane v. Griffith,* 49 Wash. 293, 95 Pac. 84, as follows:

"As I understand the rule, the appellate court will take judicial notice of any fact that the court of original jurisdiction must judicially notice. Here the ordinance in question was within the judicial knowledge of the police court, and, being so, it was equally within the knowledge of the superior court to which the cause was appealed."

Other authorities to the same effect are: *Smith v. Emporia,* 27 Kan. 528; *Downing v. Miltonvale,* 36 Kan. 740, 14 Pac. 281; *Foley v. State,* 42 Neb. 233, 60 N. W. 574; *Steiner v. State,* 78 Neb. 147, 110 N. W. 723; *Galen Hall Co. v. Atlantic City,* 76 N. J. L. 20, 68 Atl. 1092; *Portland v. Yick,* 44 Ore. 439, 75 Pac. 706, 102 Am. St. 633; *Moundsville v. Velton,* 35 W. Va. 217, 13 S. E. 373.

Section 291, Rem. Code (P. C. § 8376), relied on by the appellant, must, we think, be held to apply only in cases originally commenced in courts other than those of the municipality whose ordinance is involved.

Affirmed.

ALL CONCUR.