# CHARLESTON.

## STATE v. ESTIN KAVE.

### Submitted January 16, 1923.   Decided January 30, 1923.

1. CRIMINAL LAW—*Defendant Charged in Justice Court With Unlawful Possession May Rely Upon Law Entitling Him to Immunity for Information Concerning Source.*

   A defendant on trial before a justice of the peace upon a warrant charging him with having in his possession moonshine liquor, may rely upon the defense, under sec. 37, chap. 115, Acts 1921, entitling him to immunity from further prosecution, by freely and fully disclosing the name or names of any person or persons from whom he received such liquor, giving any other information that he may have relative to the

manufacture or distribution of the same, and truthfully testifying as to any such matters of information. (p. 700).

2. SAME—*Defendant Charged in Circuit Court on Appeal from Justice Court with Unlawful Possession, May Rely Upon Law Granting Immunity for Disclosure of Source.*

Such defendant may, upon his trial in the circuit court on appeal from the justice, also rely upon the defense that he has upon his trial before the justice so disclosed and testified. (p. 702).

3. SAME—*Oral Plea of Accused on Charge of Unlawful Possession Under Law Granting Immunity for Disclosure of Source Sufficient to Take Defense to the Jury.*

An oral plea in behalf of such defendant, before the justice, or circuit court upon appeal from the justice, substantially setting up this defense, is sufficient to put the same in issue, and to entitle the defendant to its submission for determination by a jury. (p. 702).

(McGINNIS, JUDGE, absent).

Error to Circuit Court, Randolph County.

Estin Kave was convicted of having in his possession moonshine liquor, and he brings error.

*Reversed and remanded.*

*W. B. & E. L. Maxwell,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant was convicted, on appeal from a justice of the peace, upon a warrant charging him with having in his possession moonshine liquor and fined one hundred dollars and costs, and given a "road" sentence of forty days, to continue thereafter until payment of fine and costs.

The defendant, by oral plea, attempted to show to the jury that upon his trial before the justice he had complied with the provisos of sec. 37, chap. 115, Acts 1921, entitling him to immunity from further prosecution. The attempted plea, and the evidence and instructions offered by the defendant for the purpose of submitting the same to the jury, were rejected

on the theory that the court and not the jury should pass upon the facts presenting such defense; the court further holding, as a trier of facts, that the straightforwardness of the defendant's story had been impugned by the testimony of the prohibition officers to the effect that when they arrested the defendant he told them he did not know John Sennett, the man from whom he later testified before the justice he had got the liquor. The court, in his ruling, states: "The statute in which the defense is relying has caused the court some embarrassment and no little worry in times past. It is not for the court to condemn the statute, but this statute holds out inducement for crookedness. The testimony before the court is that this defendant, on the night of his arrest, said he had liquor to drink, and when asked if he knew John Sennett said he did not, but two days later, when taken before the justice of the peace, he said he got the liquor from John Sennett. It may be a question for the jury, but I don't think it is; I think it is a question for the court. The court therefore holds, according to the testimony introduced by the State, that the defendant did not fully, freely and truthfully disclose where he got the moonshine liquor."

The defendant complains of these rulings.

The statute in question reads:

> "Any person who has in his possession any quantity of 'moonshine liquor' shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than one hundred dollars nor more than three hundred dollars, and confined in the county jail not less than thirty nor more than ninety days; provided, that if any such person shall fully and freely disclose the name or names of any person or persons from whom he received said moonshine liquor, and give any other information that he may have relative to the manufacture and distribution of the same, and shall truthfully testify as to any such matters of information, he shall be immune from further prosecution or punishment."

The questions here presented, involving the construction of this statute, have recently been passed upon by this Court, sustaining the right of a defendant, charged with having in

his possession moonshine liquor, to interpose, by plea timely presented, as a defense, the facts entitling him to immunities under the provisos of said statute, and have the same tried by a jury. *State* v. *Wills,* 91 W. Va. 659; 114 S. E. 261; *State* v. *Andrews,* 91 W. Va. 721; 114 S. E. 257.

The following was the oral plea presented by the defendant:

> "Counsel for defendant says that the defense in this case will be that when the defendant was arrested and taken before the justice, at the trial, or before he was tried, he fully and truthfully, under oath, disclosed where he got his moonshine liquor, and gave to the justice and to the prohibition officers then present all the information which he then had of violation of the prohibition law."

We think this plea, tho informal and technically deficient, nevertheless substantially presented the defense permitted under the statute. No formal plea by a defendant is required in a criminal trial before a justice, or in the circuit court on an appeal from a justice. *Town of Moundsville* v. *Velton,* 35 W. Va. 217.

We are further of opinion that the disclosure by the defendant, as a witness under oath, at his trial before the justice, of his knowledge and information respecting the moonshine liquor found in his possession, if free, full and truthful, was sufficiently timely. This was his first arraignment upon the charge against him.

We must therefore conclude that the trial court erred in rejecting the defendant's plea and in refusing the evidence and instructions offered upon the theory of defense set up by said plea.

For the foregoing reasons we reverse the judgment of the circuit court of Randolph County, set aside the verdict of the jury, and award the defendant a new trial.

*Reversed and remanded.*