[No. 33618.   Department One.   July 6, 1956.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL LARSON, *Appellant.*[1]

*Joseph P. Delay,* for appellant.

*Hugh H. Evans* and *Leo J. Driscoll,* for respondent.

FINLEY, J.—In this action, Paul Larson, the defendant, was charged with operating an auto-wrecking and junk yard in an area zoned for agricultural use, in violation of a

[1]Reported in 299 P. (2d) 568.

Spokane county zoning ordinance. The defendant was convicted in justice court. He appealed to the superior court for Spokane county, was again convicted, and thereupon was sentenced on each of four counts to ninety days in jail. The sentences ran consecutively, and all were suspended upon the condition that the defendant abstain from further violations of the zoning ordinance. Mr. Larson has appealed to this court.

Among other things, the appellant contends (a) that the county zoning ordinance could not be judicially noticed by the justice court or by the superior court of Spokane county; (b) that the ordinance was not pleaded and proved in conformity with RCW 4.36.110; (c) that the county commissioners are without authority to classify the violation of the zoning ordinance as a crime; and lastly, (d) that the evidence of the state was insufficient to sustain a conviction. There is no merit in these contentions, nor in the others advanced by the appellant.

█ It is well recognized as a general proposition that courts will take judicial notice of the law prevailing in the forum. IX Wigmore on Evidence 551, § 2572; 20 Am. Jur. 57, § 32.

█ RCW 4.36.110, on the face of it, applies only to ordinances of a city or town. Furthermore, the question of how the ordinance was referred to or pleaded in the information was not raised in the trial court, and it will not be considered on appeal. *Muck v. Snohomish County Public Utility Dist. No. 1,* 41 Wn. (2d) 81, 247 P. (2d) 233; and cases cited therein.

█ As to the authority of the county commissioners to impose criminal sanctions for violation of a county ordinance, Art. XI, § 11, of the state constitution provides:

"Any county . . . may make *and enforce* within its limits all such local police . . . and other regulations as are *not in conflict with general laws.*" (Italics ours.)

And § 1, chapter 61, Laws of 1947, p. 99 (*cf.* RCW 36.32.120), provides in part, as follows:

" . . . The several Boards of County Commissioners are authorized and required:

" . . .

"7. To make *and enforce,* by appropriate resolutions or *ordinances,* all such police and sanitary regulations *as are not in conflict with state law, and provide that any violation of such regulations, ordinances, or resolutions shall constitute a misdemeanor:* . . ." (Italics ours.)

Appellant has not demonstrated that the penal sanctions of the ordinance are in conflict with state law.

■ The evidence of the state showed that the appellant had, or kept and maintained, a large number of used automobiles, in various stages of disrepair, upon the land in question; that he contemplated acquiring or placing additional such automobiles upon the property concerned; that he employed an individual to disassemble or wreck such automobiles; that he had sold certain parts of such automobiles and had attempted to sell scrap iron from them. This evidence was uncontroverted, as the appellant rested in the trial court at the end of the case presented by the prosecution.

Since we find no merit whatsoever in this appeal, the judgment of the trial court is affirmed.

DONWORTH, C. J., SCHWELLENBACH, ROSELLINI, and OTT, JJ., concur.