[No. 5303-9-II.   Division Two.   October 8, 1982.]

THE TOWN OF FORKS, *Appellant,* v. BRAD A.
FLETCHER, *Respondent.*

*Gary Colley,* for appellant.

*Charles A. Schaaf,* for respondent.

PETRICH, A.C.J.—On June 22, 1980, defendant was charged with driving while under the influence of alcohol in violation of a Forks municipal ordinance. In a trial before the Clallam County District Justice Court (District Court), defendant was found guilty of his second DWI offense. He appealed, and on December 23, 1980, a trial de novo was held in Clallam County Superior Court. After both sides

had rested, defendant moved to dismiss because the prosecution had not pleaded and proved the ordinance in question. The prosecution moved to reopen its case, but the court, stating that any such motion was too late, granted defendant's motion and issued a judgment of acquittal. The Town of Forks appeals this decision.

The primary issue is whether a district court, empowered to hear and determine violations of municipal ordinances of a municipality which does not have its own municipal court, takes judicial notice of that municipality's ordinances with the result that such ordinances are equally within the judicial knowledge of the superior court to which an appeal is taken. We answer in the affirmative and, accordingly, reverse and remand.

■ A municipal court is required to take judicial notice of ordinances of the municipality in which it sits; this is true regardless of whether the ordinance was properly pleaded. *Olympia v. Nickert,* 118 Wash. 407, 203 P. 946 (1922); *Spokane v. Knight,* 96 Wash. 403, 165 P. 105 (1917); *Seattle v. Pearson,* 15 Wash. 575, 46 P. 1053 (1896). *See also* 5 K. Tegland, Wash. Prac. § 50, at 95 (2d ed. 1982). The rationale for this rule is that the ordinances are the particular law of the forum and, therefore, known to the local court. *See State v. Larson,* 49 Wn.2d 239, 299 P.2d 568 (1956); 6 E. McQuillin, *Municipal Corporations* § 22.19, at 333 (3d ed. 1980).

Defendant argues that because the District Court is not a municipal court, the above rule does not apply to this case. However, defendant admits that the District Court hears cases involving violations of Forks municipal ordinances under its general jurisdiction provided by RCW 3.66.060; that the Town files its complaints directly in the District Court pursuant to RCW 3.62 and RCW 3.66; and, that the Clallam County District Court maintains a separate docket at Forks for cases charging violations of Forks municipal ordinances, under the title "Forks Municipal Court." Because the District Court effectively acts as a municipal court and is conversant with the particular ordinances of

the Town of Forks, and, because the above stated rule is not dependent merely upon a court's title, we conclude that the District Court does take judicial notice of Forks' ordinances.

An appellate court takes judicial notice of any fact that the court of original jurisdiction judicially notices. *Olympia v. Nickert, supra; Spokane v. Griffith,* 49 Wash. 293, 95 P. 84 (1908). *See also* 6 E. McQuillin, *Municipal Corporations* § 22.19, at 333–34 (3d ed. 1980). Because the District Court takes judicial notice of the ordinances of the Town of Forks, these ordinances are equally within the judicial knowledge of the Superior Court to which the appeal is taken without the necessity of pleading the ordinance as provided in CR 9(i).[1]

Defendant next contends that the State has no right to appeal, as any possible remand would twice place him in jeopardy for the same offense. We disagree.

Where a court's termination of legal proceedings depends upon its weighing of the evidence, any new proceedings upon the same charges involves placing defendant in double jeopardy. *See Hudson v. Louisiana,* 450 U.S. 40, 67 L. Ed. 2d 30, 101 S. Ct. 970 (1981); *State v. Rhinehart,* 92 Wn.2d 923, 602 P.2d 1188 (1979); *State v. Jubie,* 15 Wn. App. 881, 552 P.2d 196 (1976). But here, defendant's motion to dismiss for failure to properly plead the effective ordinance was unrelated to his factual guilt or innocence of the offense of which he was accused. *See, e.g., United States v. Scott,* 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187 (1978) (dismissal of two counts because of prejudice from preindictment delay did not involve submission to court of defendant's guilt or innocence, and government was not precluded from appealing dismissal on grounds of double jeopardy). *See also United States v. Allied Towing Corp.,*

---

[1]CR 9(i) provides:

"**Pleading Ordinance.** In pleading any ordinance of a city or town in this state it shall be sufficient to state the title of such ordinance and the date of its passage, whereupon the court shall take judicial notice of the existence of such ordinance and the tenor and effect thereof."

602 F.2d 612 (4th Cir. 1979). Indeed, our State Supreme Court has held that where the dismissal of an action was for lack of jurisdiction, the State has a right of appeal. *State v. Buckman,* 51 Wn.2d 827, 322 P.2d 881 (1958); *Spokane v. Lewis,* 16 Wn. App. 791, 559 P.2d 581 (1977) (Munson, C.J., concurring specially).

The above cases dealt with dismissals; here, the court granted defendant an acquittal. However, *United States v. Scott, supra,* stated at page 97 that:

> [A] defendant is acquitted only when "the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." [*United States v. Martin Linen Supply Co.,* 450 U.S. 564, 571, 51 L. Ed. 2d 642, 97 S. Ct. 1349 (1977)]. Where the court, before the jury returns a verdict, enters a judgment of acquittal pursuant to Fed. Rule Crim. Proc. 29, appeal will be barred only when "it is plain that the District Court . . . evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction." 430 U.S., at 572.

(Footnote omitted.) Plainly the instant court did not evaluate the prosecution's evidence for purposes of determining defendant's guilt or innocence. And, although the failure to take judicial notice of the ordinance involved an evidentiary matter, that failure did not involve any of the factual elements of the offense charged. Thus, because the court's acquittal was based solely upon the erroneous conclusion that the Town ordinance had not been proved as *a jurisdictional matter,* the defendant will not be placed in jeopardy a second time by a new trial.

We therefore reverse and remand.

PETRIE and WORSWICK, JJ., concur.

Reconsideration denied November 9, 1982.