[No. 2399. Decided November 18, 1896.]

THE CITY OF SEATTLE, *Respondent,* v. CHARLES PEARSON, *Appellant.*

CERTIORARI — WHEN LIES — PLEADING ORDINANCE — REGULATION OF LIQUOR BUSINESS — VALIDITY OF ORDINANCE.

Certiorari will lie for the purpose of reviewing the action of a municipal court in a proceeding brought therein for the purpose of securing the conviction and punishment of one guilty of violating a city ordinance.

It is not necessary to plead an ordinance by title, number and date of passage in a complaint filed in a court of the municipality, as it is the duty of such court to take judicial notice of the ordinance.

The subject matter of an ordinance providing for the licensing of saloons is not in conflict with the subject matter of an ordinance regulating the hours during which saloons should be closed.

Where an ordinance consists of several and distinct parts, the fact that one of them is void will not render the whole ordinance void, if such void part can be eliminated without in any way destroying the efficacy or utility of the rest of the ordinance.

An ordinance fixing a minimum fine as the penalty for the commission of a misdemeanor, while the general misdemeanor law of the state fixes no minimum, is not void on that ground, as being in conflict with the general law.

Appeal from Superior Court, King County.— Hon. RICHARD OSBORN, Judge. Affirmed.

*Melvin G. Winstock,* for appellant:

The appellant urges that the ordinance is invalid for the reason that it prescribed a minimum penalty in direct conflict with § 301, Penal Code. *Petersburg v. Metzker,* 21 Ill. 205; *Bregguglia v. Lord,* 20 Atl. 1082; *Landis v. Vineland,* 23 Atl. 357; *Leland v. Long Branch Commissioners,* 42 N. J. Law, 375; *State v. Bringier,* 8 South. 298; *State v. Webber,* 12 S. E. 598.

*John K. Brown, F. B. Tipton,* and *Z. B. Rawson,* for respondent:

As to appellant's contention that the ordinance is in conflict with the general misdemeanor law of the state, in that the ordinance fixes a minimum penalty, while the statute does not, it is evident that while a few courts hold with appellant, the weight of authority and the better reason are against him. The minimum penalty provided in the ordinance is not unreasonable, and the legislature has never passed

any law on the subject in question. A municipal
corporation may fix a minimum penalty for the viola-
tion of an ordinance, although the statute authorizing
such ordinance fixes no minimum, provided such
minimum is not unreasonable and not unjust or
oppressive. *Kansas City v. Hallett*, 59 Mo. App. 160;
*Board v. Giron*, 16 South. 190; *City of Pekin v. Smelzel*,
21 Ill. 464 (74 Am. Dec. 105); *Rogers v. Jones*, 1 Wend.
237 (19 Am. Dec. 419); *Mayor v. Allaire*, 14 Ala. 400;
*Roberts v. Ogle*, 30 Ill. 459 (83 Am. Dec. 201); Suther-
land, Statutory Construction, § 172 *et seq.*; Cooley,
Constitutional Limitations, 239; 1 Beach, Municipal
Corporations, §§ 89-91, and cases cited.

The opinion of the court was delivered by

DUNBAR, J.—The defendant (appellant in this case)
was complained against in the municipal court of the
city of Seattle for the violation of Ordinance No. 4151
of the said City of Seattle, which was an ordinance
prescribing the limits of time within which intoxi-
cating, malt, vinous, mixed or fermented liquors
might be sold, and saloons and drinking places kept
open in the city of Seattle, and providing penalties
for the violation thereof. Under the provisions of
this ordinance its violation is punished by a fine of
not less than $25 nor exceeding $150, or by imprison-
ment for a period not exceeding thirty days, or by
both such fine and imprisonment. And there is also
a provision in the ordinance that any license for the
sale of any such liquors, granted by the city of Seat-
tle to any person convicted of violating any of the
provisions of section one, (which section prescribes
the time of closing), shall be forfeited and annulled
by such conviction, without further action or pro-

37—15 WASH.

ceedings of the city council or any other officer or department of the city.

The defendant was arrested, and demurred to the complaint upon statutory grounds, particularly contending that the ordinance under which he was complained against was invalid. The demurrer was sustained and the defendant discharged, whereupon the plaintiff, the city of Seattle, petitioned for a writ of *certiorari* to the superior court for King county, state of Washington. A motion to quash was introduced and overruled. Upon the argument of the question upon its merits as to the validity of the ordinance, the court held the ordinance to be valid in so far as the infliction of a fine and imprisonment was concerned, but invalid as to that portion which provides for forfeiture of the license. Judgment was rendered and an appeal taken to this court.

Respondent complains, and with some reason, we think, that the assignments of error are not clearly set forth in appellant's brief, but as no motion was made to strike the brief for that reason, we will consider it upon it merits.

The first contention of appellant is that *certiorari* does not lie in a case of this kind; that the ordinance, being *quasi* civil in its nature, the respondent, the city of Seattle, had a remedy by appeal. We think, under the best authorities, this is not a *quasi* civil action, but that it is either criminal or *quasi* criminal. This view is sustained by § 411, 1 Dillon on Municipal Corporations, (4th ed.) although there seems to be some conflict in the authorities cited. But under the provisions of ch. 54, Laws of 1891, p. 91, and of § 4 ch. 65, of the Laws of 1895. p. 115 and under the authority of *Woodbury v. Henningsen,* 11 Wash. 12 (39

Pac. 243), we think it is clear that the writ was properly issued in this case.

The second contention of appellant, that the ordinance was not properly pleaded, is also answered by § 413, 1 Dillon on Municipal Corporations, (4th ed.), to the effect that it is not necessary to plead the ordinance. We think also that there was nothing in the further contention that this ordinance was in conflict with the subsequent ordinance. The subject matter of one was the licensing of saloons, and that of the other was the regulation of the hours during which they should be closed. They had no necessary relation to each other.

The most strenuous contention of the appellant is, however, that the lower court erred in holding that portion of § 2 of Ordinance No. 4151, which provides a forfeiture of the license, void, while it sustained that portion which provided for a fine and imprisonment for violating said ordinance. We are inclined to think that that portion which the court held to be void can be eliminated without in any way destroying the efficacy or utility of the rest of the ordinance. In *State v. Kantler*, 33 Minn. 69 (21 N. W. 856), where a charter authorized the penalty of fine and imprisonment, an ordinance imposing in addition thereto "costs of prosecution" was declared void as to such addition, but valid as to the remainder.

It cannot be said that the provision in regard to the revoking of the license has a general influence over that portion of the ordinance which fixes the penalty of fine and imprisonment, because such penalty could be imposed and enforced as fully without the additional imposition of revoking the license as with it. The fine and imprisonment are complete penalties within themselves, and are in no wise dependent upon

the subsequent provision of the ordinance with relation to the revocation of the license, and if this be true, the independent provision of the statute can be maintained, although the other part is held void. *Municipality v. Morgan*, 1 La. An. 111; *Ex parte Mayor, etc., of Florence*, 78 Ala. 419; *Rau v. Little Rock*, 34 Ark. 303. And in Wilcock on Corporations, 160, the rule is laid down that "if a by-law consist of several distinct and independent parts, although one or more of them may be void, the rest are equally valid as though the void clauses had been omitted." See, also, many other cases cited by 1 Dillon on Municipal Corporations, § 421.

We do not wish to be understood as deciding now that any portion of the ordinance is invalid, for, as the case is presented to us, it is necessary to determine only the validity of that portion in regard to the penalty of fine and imprisonment.

We think there is no merit in the further contention that the ordinance in question is in conflict with the general misdemeanor law of the state. Beach on Public Corporations, §§ 89 and 90.

The judgment will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.