[No. 6357.   Decided April 2, 1907.]

THE STATE OF WASHINGTON, *On the Relation of North Shore Boom and Driving Company, Petitioner*, v. THE SUPERIOR COURT FOR PACIFIC COUNTY, *et al., Respondents.*[1]

CERTIORARI—PROCEEDINGS—RECORD—TIME FOR RETURN—LACHES. Certiorari to review a judgment of the superior court will be dismissed for want of due diligence in prosecution, where the record was not certified for more than two months after the time fixed therefor in the writ, no application for an extension was asked until nearly one month after the time had expired, and no appearance was made at the date set for considering the extension of time, but a return made sixteen days thereafter without leave; since the return is necessary to confer jurisdiction, and Bal. Code, § 5744, provides that the court shall fix the time, which thereupon becomes the law of the case.

Certiorari to review a judgment of the superior court for Pacific county, Griffin, J., entered July 25, 1906, dismissing a condemnation proceeding, after a trial on the merits before the court without a jury. Dismissed.

*W. H. Abel* and *H. W. B. Hewen*, for petitioner.

*W. W. Cotton, Welsh & Welsh*, and *James G. Wilson*, for respondents.

PER CURIAM.—This suit was commenced in the superior court, by one boom company against another, for the purpose

[1]Reported in 89 Pac. 479.

of condemning certain rights enjoyed by the latter company upon North river, in Pacific county. After a trial, judgment was entered on July 26, 1906, dismissing the petition. Application was then made to this court for a writ of review for the purpose of procuring the review of the cause here. The writ was issued on September 13, 1906, and directed that the record should be duly certified to this court on or before the 8th day of October, 1906; that each party should furnish printed briefs as in appealed cases, and that the cause should be assigned for hearing in this court in regular order with the appealed cases from Pacific county for the October, 1906, term. No return was made within the time specified in the writ. No application was made within that period for an extension of time within which to make return, and no showing was made within the time why the writ was not returned. Meantime the cause was assigned for hearing here on the 7th day of November, 1906. On the 2d day of November, the relator served upon the respondents a notice that it would apply on the 9th day of November, two days after the date set for hearing upon the merits, for an extension of time for certifying and returning the records and files of the superior court in the cause, and for the filing of a printed brief and statement of facts therein, until December 4, 1906. On account of this motion and notice, the respondents did not appear on November 7, the date the cause was assigned for hearing, but did appear on November 9, in response to the said motion and notice. When the cause was called on November 7, it was simply continued over the term, but no order was made extending the time for returning the record. The record was not returned on or before the 4th day of December, the time to which an extension was asked, and no return was made until the 20th day of December. Thus a second default in the making of the return occurred, even if the motion for extension of time had been granted. On the above facts, together with

other matters of delay, the respondents have moved to dismiss the writ of review.

It will be observed that no return was made to the writ for more than two months after the time fixed by the return. No application for an extension of the time was made here until nearly one month after the time had expired. No action appears to have been taken by the court either by way of granting or refusing that application for an extension, but relator permitted it to drift until sixteen days after the time to which the extension was asked and then caused a return to be filed. If an order of extension had been made in accordance with the prayer of the motion therefor, there was, in any event, a default of sixteen days in making a return; but as no actual extension was made, the delay was much greater. There was at all events a period of sixteen days' delay for which no extension was even asked of this court. In the interest of an orderly and well-regulated procedure in certiorari proceedings, we think, under such circumstances, this court should decline to proceed with the review. The statute, Bal. Code, § 5744 (P. C. § 1399), provides, that the writ shall specify a time and place for the return. When that time is fixed by the court, it becomes the law governing the case and should have as much force as the times fixed by statute for governing appeals, unless it is changed by the court. The statute certainly contemplates that a return shall be made on or before the date fixed in the writ. Bal. Code, § 5748 (P. C. § 1403), provides, that if the return is defective, the court may order a further return to be made, thus clearly indicating that any modification as to time must be under the order of the court. The return should therefore be made not later than the day on which the writ is returnable, or to which the court by its order may have extended the time. 4 Ency. Plead. & Prac. 213.

"A formal legal return is generally a prerequisite to the jurisdiction of the court to review the proceedings or determination below." 6 Cyc. 802.

The return being necessary to confer jurisdiction to review, and the statute directing that the court shall fix a time for the return, the court must therefore be permitted to say when its jurisdiction to review shall be acquired. A party should not arbitrarily or by dilatoriness be permitted to change the rule which has been established as the law of the case. Generally the record to be reviewed must be prepared at the instance of the party applying for the writ, and if for any cause the delay is not due to his neglect, he should apply in ample time with a proper showing for an extension of the time. The writ may be quashed for failure to prosecute it with due diligence. 6 Cyc. 814. We think such diligence was not shown in this case. With no return filed within any time fixed by the court or within any time even asked by the relator, we think the writ should be dismissed, and it is so ordered.