[No. 16076.    Department One.    January 8, 1921.]

THE STATE OF WASHINGTON, *on the Relation of Fred C. Brown, Prosecuting Attorney, Respondent,* v. OTIS W. BRINKER, *Justice of the Peace, et al., Appellants.*[1]

CRIMINAL LAW (380)—CERTIORARI (11)—NATURE AND GROUNDS— REVIEW OF DECISION OF JUSTICE COURT—DISMISSAL OF CRIMINAL CASE. Certiorari lies at the instance of the state or city to review the action of a justice of the peace in sustaining a demurrer to a criminal complaint for the violation of an ordinance and dismissing the accused, under Rem. Code, § 1002, authorizing a writ of review to review illegal acts or correct an erroneous proceeding not according to the course of the common law where there is no adequate remedy at law.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 14, 1920, reversing the judgment of a justice of the peace, upon review by writ of certiorari.    Affirmed.

*Walter M. Harvey,* for appellants.

*Fred C. Brown* and *Chester A. Batchelor,* for respondent.

MACKINTOSH, J.—F. W. Rinkenberger was charged in the justice court before Otis W. Brinker, justice of the peace in and for Seattle precinct, King county, with the crime of giving a false certificate of death.    Rinkenberger appeared and demurred to this criminal complaint on the ground that it did not state facts sufficient to constitute a crime.    The justice of the peace sustained the demurrer, dismissed the case and discharged the defendant.    Thereafter the prosecuting attorney of King county began this action of certiorari in the superior court of King county, asking for a writ of certiorari to review the action of the justice of the

[1]Reported in 191 Pac. 574.

peace. The justice of the peace made return thereto, and, after the hearing, a peremptory writ of review was issued. From this final order, Rinkenberger and the justice of the peace have appealed.

The point presented is whether the state can, by writ of certiorari, review the action of a justice of the peace in a criminal proceeding where the defendant has been discharged on an issue of law.

The state has no appeal from a justice court in any criminal proceedings, but claims the right to certiorari under § 1002, Rem. Code, that section being:

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

The general rule is that, in the absence of express statutory authority permitting it, the state, in criminal proceedings, has no right of appeal, nor the right to review of a decision or judgment in a criminal case after final judgment has been rendered in favor of the defendant, whether that judgment has been rendered upon a verdict of acquittal or upon the determination by the court of an issue of law. From the great number of cases that have decided this point, the one of *United States v. Sanges,* 144 U. S. 310, probably is as exhaustive and enlightening as any. The general rule which has restricted the state has been applied to the situation in regard to violation of criminal ordinances, and on this point the case of *Portland v. Erickson,* 39 Ore. 1, 62 Pac. 753, decided by the supreme court of Oregon, is probably the best considered case.

This question, however, was before the supreme court of this state several years ago, and a holding was there made which is contrary to the rule just announced. In the case of *Seattle v. Pearson*, 15 Wash. 575, 46 Pac. 1053, the defendant Pearson was prosecuted in the municipal court of the city of Seattle for a violation of one of the city ordinances. He appeared and demurred to the complaint for the reason that the ordinance was invalid. Being successful in his contention, the defendant was discharged, and thereafter the city of Seattle applied to the superior court of King county for a writ of certiorari to review this act of the municipal judge, and a hearing was had upon the writ in the superior court, and that court held the ordinance to be valid, and from that decision an appeal was taken to this court, which said:

"The first contention of the appellant is that certiorari does not lie in a case of this kind; that the ordinance, being *quasi* civil in its nature, the respondent, the city of Seattle, had a remedy by appeal. We think, under the best authorities, this is not a *quasi* civil action, but that it is either criminal or *quasi* criminal. This view is sustained by § 411, 1 Dillon on Municipal Corporations (4th. ed.), although there seems to be some conflict in the authorities cited. But under the provisions of ch. 54, Laws of 1891, p. 91, and of § 4, ch. 65, of the Laws of 1895, p. 115, and under the authority of *Woodbury v. Henningsen*, 11 Wash, 12 (39 Pac. 243), we think it is clear that the writ was properly issued in this case." (Section 4, ch. 65, p. 115, Laws of 1895, is now § 1002, Rem. Code.)

Upon its facts, the *Pearson* case cannot be distinguished from the present case. Both cases involved criminal proceedings, the fact that one may have been prosecuted by the city under a municipal ordinance and the other by the state under statute does not alter the situation. *Portland v. Erickson, supra.* Nor does

the fact that one was prosecuted in the municipal court and the other in the court of the justice of the peace, both being inferior jurisdictions that come within the purview of § 1002, Rem. Code, *supra.*

The difference existing between the decision in the *Pearson* case and the general rule may be due to the peculiar statute of this state on the subject of certiorari. In referring to our statutes, the editors of Corpus Juris, in dealing with the subject of Certiorari, vol. 11, p. 98, say:

"In Washington the statute authorizes the writ in case of (1) excess of jurisdiction, or (2) illegal acts, or (3) to correct any erroneous or void proceeding, or (4) to review a proceeding not according to the course of the common law, provided in all such cases that there is no appeal nor any plain, speedy, and adequate remedy at law. This statute seems to follow the New York statute in many respects, and is broader than in any of the other states where certiorari is called a writ of review."

For the reason that our statute is, as noted, broader in its scope and operation than that of other states, certiorari is permissible on behalf of the state or municipality to review the actions of the inferior courts, that is, municipal or justices' of the peace courts, where, in criminal proceedings, those courts have discharged persons charged with crime, either by erroneously setting aside the complaint, or in arresting judgment on the ground that the facts stated in the complaint did not constitute a crime, or by committing some other material error in law not affecting the acquittal of a prisoner on the merits. The rule in the *Pearson* case having been the rule of this court for many years, the judgment appealed from is affirmed.

HOLCOMB, C. J., BRIDGES, FULLERTON, and PARKER, JJ., concur.