## NORTON v. FULLER et al.

No. 4343.   Decided September 13, 1926.   Rehearing Denied November 27, 1926.   (251 P. 29.)

*C. E. Norton,* of Salt Lake City, for appellant.

*Booth & Brockbank,* of Provo, for respondents.

CHERRY, J.

This action was brought by the plaintiff against L. V. Fuller and Mary Fuller, his wife, and Sarah C. Holley, as administratrix of the estate of Moroni Fuller, deceased, to foreclose a mortgage alleged to have been executed by W. V. Fuller to secure the payment of $150 upon "house and lot situated on the north half of lots 2 and 3, section 4, township 8 south, range 3 east, Salt Lake meridian, and all of their right, title, and interest in the estate of Moroni Fuller, deceased, and Eliza Fuller, deceased, their father and mother, late of Springville, Utah, which is now being probated in Utah county district court." It was alleged that

Sarah C. Holley, as administratrix, etc., claimed an interest in the mortgaged property, but that such interest was subsequent and subject to the plaintiff's mortgage. L. V. Fuller and Mary Fuller made no appearance or answer, and a default was entered against them. Sarah C. Holley filed an answer, denying the execution of the mortgage sued upon and alleging that, without any notice or knowledge of the plaintiff's purported mortgage, she had, as administratrix of the estate of Moroni Fuller, deceased, under a proper order of the district court, sold and conveyed a particularly described tract of land embraced within the north half of lots 2 and 3, section 4, township 8 south, range 3 east, Salt Lake meridian, to one Fred Manning, who was now the owner and in possession thereof. She further denied that W. V. Fuller was an heir of Moroni Fuller, deceased, and set forth that L. V. Fuller, who was an heir, had, at a date subsequent to the date of plaintiff's mortgage, and on August 14, 1924, sold and conveyed to her for $125 all of his right, title, and interest in the estate of Moroni Fuller, deceased. She further alleged that the plaintiff's purported mortgage was void for uncertainty of description of real property, and that the acknowledgment thereof was void and illegal because made before and certified to by the mortgagee himself, who was a notary public, and that the same was therefore not entitled to be recorded, and that any purported record thereof constituted no notice thereof whatsoever.

The plaintiff filed a reply in which he averred that L. V. Fuller, the defendant, and W. V. Fuller, the mortgagor, was and is the same person; that L. V. Fuller was an heir of Moroni Fuller, deceased, and entitled to a one-seventh interest in his estate, which interest was mortgaged to plaintiff. He prayed that the conveyance of the said interest in said estate by L. V. Fuller to Sarah C. Holley be set aside, and that the said interest be subjected to the plaintiff's mortgage debt.

A trial was had before the court. There was no substan-

tial dispute as to the facts. The defendant L. V. Fuller testified that he executed the plaintiff's mortgage by signing the name W. V. Fuller to it, and that he acknowledged the execution thereof before the plaintiff. He gave no satisfactory reason why he did not sign his own name to the mortgage. It also appeared that the mortgage, so executed and acknowledged, had been recorded in the office of the county recorder of Utah county on June 19, 1924.

The sale of the real property referred to by the administratrix was not questioned and no lien upon any particular real property was asserted by the plaintiff. The controversy related to the validity of the sale and conveyance by L. V. Fuller of his interest in the estate of Moroni Fuller, deceased, to the defendant Sarah C. Holley. Although not pleaded, the plaintiff contended that such transfer was procured by Sarah C. Holley by misrepresentation and fraud, and that the same should be set aside and the interest of L. V. Fuller in the estate mentioned be subjected to the plaintiff's mortgage debt. The court permitted the details of the transaction to be proved, and made findings thereon to the effect that the sale and conveyance had been fairly and legally made without any notice or knowledge on the part of Sarah C. Holley of the plaintiff's claim. A judgment was rendered in favor of the plaintiff against L. V. Fuller for the mortgage debt, but the plaintiff's claim to a lien upon the interest of L. V. Fuller in the estate of Moroni Fuller, deceased, was denied, and the same adjudged to belong to defendant Sarah C. Holley.

The plaintiff has appealed. His assignments of error present merely the general question of whether under the facts stated the plaintiff had a lien by virtue of his mortgage upon the interest of L. V. Fuller in the residue of the estate of Moroni Fuller, deceased, against the defendant Sarah C. Holley, to whom the interest had been sold and conveyed.

It is argued, first, that as a matter of law the defendant

Sarah C. Holley, on account of being administratrix of the estate, was precluded from purchasing the interest of an heir. The contrary was decided by this court in *Haight* v. *Pearson,* 11 Utah 51, 39 P. 479, where it was held that, if such a transaction was fair itself, it would be upheld the same as other contracts.

It is further urged that, upon the evidence, the court should have adjudged the sale and conveyance void upon the ground that it was obtained by the misrepresentation and fraud of Sarah C. Holley. This contention utterly lacks merit. Notwithstanding the question was raised by the pleadings, and is not presented here by any appropriate assignment of error, the undisputed facts in the case are that L. V. Fuller, acting through attorneys, made inquiries of the administratrix which were truthfully answered whereupon he offered to sell his interest in the estate to her for $125. She accepted the offer and paid the amount, which L. V. Fuller accepted and has ever since retained. Upon the merits of this question, the finding of the trial court is amply sustained.

The fact that plaintiff's mortgage was recorded is of no avail to him. As before indicated, the acknowledgment of the execution of the mortgage sued on was made before and certified by the plaintiff himself as a notary public. By reason of this defect in its execution, the plaintiff's mortgage was not entitled to be recorded, and the fact that it was actually recorded had no legal effect. 1 C. J. 805; 1 R. C. L. 270. Another reason why the record of plaintiff's mortgage could not be constructive notice of the plaintiff's claim to the interest of L. V. Fuller in the property in question is the fact that the mortgage purported to mortgage the interest of and was executed by W. V. Fuller. It is not claimed that any person of that name had any interest in the property.

The quitclaim deed to Sarah C. Holley from L. V. Fuller for the latter's interest in the estate in question was exe-

cuted and delivered August 14, 1924, but not recorded in the office of the county recorder of Utah county until September 5, 1924. On August 18, 1924, the plaintiff commenced this action, and on the same day filed with the county recorder a document called a "lis pendens." He now contends that, inasmuch as his notice of lis pendens was filed before the defendant's deed was recorded, his right takes precedence over the unrecorded deed. Whatever may be the rule in such case where a sufficient notice of lis pendens is filed, a complete answer to the plaintiff's contention here is that his purported notice of lis pendens was fatally defective and null, because it contained no description of property whatever as required by statute. Comp. Laws Utah 1917, § 6553.

The brief on file purports to present the appeal of the plaintiff and also a pretended cross-appeal of the defendant L. V. Fuller and Mary Fuller in whose behalf cross-assignments of error have been filed. This cross-appeal is based upon a cross-complaint by *L. V. Fuller and Mary Fuller* v. *Sarah C. Holley,* found in the record, which was obviously filed during the trial without leave of court and without the knowledge of the court or opposing counsel. No answer or plea to the cross-complaint was filed, no one appeared in behalf of it, and no notice was taken of it at the trial. No order was made or judgment rendered concerning it. It is stated by respondents' counsel, and not disputed, that neither they nor the court knew that it had been filed. Besides this, no sufficient notice of the pretended cross-appeal was ever given, served, or filed. Plainly the pretended cross-appeal is no appeal at all, and presents nothing for our consideration. The same must be and is ignored. See *Fowers* v. *Lawson,* 56 Utah 420, 191 P. 227.

Judgment affirmed.

GIDEON, C. J., and THURMAN, FRICK and STRAUP, JJ., concur.