[No. 27995.   Department Two.   October 1, 1940.]

THE STATE OF WASHINGTON, *Appellant,* v. GEORGE REAR *et al., Respondents.*[1]

[1]Reported in 105 P. (2d) 827.

*The Attorney General, John E. Belcher, Assistant, B. Gray Warner, Leo W. Stewart,* and *F. A. Walterskirchen,* for appellant.

*Henry, Henry & Pierce* and *Crosson, Johnson & Wheelon,* for respondents.

DRIVER, J.—This action was instituted in justice court by the filing of a complaint, the charging part of which is as follows:

"They, said GEORGE REAR, LEE HICKMAN and CONTINENTAL SECURITIES COMPANY, and each of them, in the County of King, State of Washington, on or about the 15th day of November, 1939, wilfully and unlawfully did caravan and cause to be car vanned, motor vehicles into the aforesaid county and state, crossing of the State line of said Vehickles being accomplished by Ferry without first having procured permits from the Director of Licenses so to do . . ."

The complaint was based upon the Laws of 1937, chapter 184, p. 716 (Rem. Rev. Stat., Vol. 7A, § 6382-60 [P. C. § 240-71] *et seq.*), which is entitled: "AN ACT to regulate the caravaning of motor vehicles, providing for the licensing thereof, and prescribing penalties." (A violation of any provision of the act constitutes a misdemeanor. § 13, p. 720, Rem. Rev. Stat., Vol. 7A, § 6382-71 [P. C. § 240-83].)

The defendants orally demurred to the complaint, and the justice of the peace, by written order, sustained the demurrer and directed that the defendants be discharged. The plaintiff, state of Washington, thereupon appealed from such order by filing a notice of appeal in the justice court and causing a certified transcript of the proceedings of the lower court to be

filed in the superior court. The defendants then filed in the superior court a demurrer to the complaint, and from an order sustaining such demurrer and dismissing the action, the plaintiff has taken this appeal.

The briefs of appellant and respondents are devoted principally to the discussion of the constitutionality of the caravaning statute cited *supra*. We shall not, however, consider that issue, for the reason that we deem a jurisdictional question to be controlling, namely: Does the state have the right to appeal from justice court to the superior court in a criminal case under the circumstances above related?

■ The jurisdiction of the superior courts is defined by Art. 4, § 6, of the state constitution, which reads in part:

"They [the superior courts] shall have such appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law."

The above-quoted portion of this section is embodied in the Laws of 1889-90, p. 343, § 6, Rem. Rev. Stat., § 17 [P. C. § 8629]. Under its plain terms, a superior court has no jurisdiction of a case on appeal from justice court unless the right of appeal in such a case has been "prescribed by law." Furthermore, there is a general rule, supported by the overwhelming weight of authority, to the effect that the state, in a criminal case, may neither sue out a writ of error nor appeal from a final judgment in favor of a defendant unless clearly and expressly authorized to do so by statute. 2 Am. Jur. 984, § 227; *United States v. Sanges*, 144 U. S. 310, 36 L. Ed. 445, 12 S. Ct. 609; *Portland v. Erickson*, 39 Ore. 1, 62 Pac. 753; *Oklahoma City v. Tucker*, 11 Okla. Crim. 266, 145 Pac. 757, Ann. Cas. 1917D, 984; *State v. Ford*, 161 Iowa 323, 142 N. W. 984; *People v. Barber*, 348

Ill. 40, 180 N. E. 633, 92 A. L. R. 1131; *State v. B'Gos,* 175 Ga. 627, 165 S. E. 566.

In *State ex rel. Brown v. Brinker,* 114 Wash. 47, 194 Pac. 574, we subscribed to the general rule above stated; but we held that, under the provisions of Rem. Rev. Stat., § 1002 [P. C. § 7418], the remedy of certiorari was available to the state to secure a review by the superior court of an order of a justice of the peace sustaining a demurrer to a criminal complaint and dismissing the accused. This statute provides:

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

In *State ex rel. Brown v. Brinker,* just cited, we said: "The state has no appeal from a justice court in any criminal proceedings, but claims the right to certiorari under § 1002, Rem. Code, . . ."; and that under the authority of *Seattle v. Pearson,* 15 Wash. 575, 46 Pac. 1053:

"For the reason that our statute is, as noted, broader in its scope and operation than that of other states, certiorari is permissible on behalf of the state or municipality to review the actions of the inferior courts, . . ."

See, also, *State ex rel. Foley v. Yuse,* 191 Wash. 1, 70 P. (2d) 797.

While we have thus announced that certiorari is available to the state, no case has been called to our attention wherein we have held that the state may appeal from justice court in a criminal case. We believe

that there is no statute authorizing such an appeal. Rem. Rev. Stat., § 1919 [P. C. § 9444], provides for appeal from justice court in a criminal action, but it refers only to defendants. It provides in part: *"Every person convicted* before a justice of. the peace of any offense may appeal from the judgment, within ten days thereafter, to the superior court." (Italics ours.) Rem. Rev. Stat., § 1910, also authorizes appeals from justice court, but only in civil causes. This appears from the following quoted portion:

"Any person considering himself aggrieved by the judgment or decision of a justice of the peace *in a civil action* may, in person or by his agent or attorney, appeal therefrom to the superior court of the county where the judgment was rendered or decision made: . . ." (Italics ours.)

Another statute, Rem. Rev. Stat., § 2183-1 [P. C. § 7290-1], gives the state the right to appeal in criminal cases, but it clearly applies only to appeals to the supreme court. Rem. Rev. Stat., § 1716 [P. C. § 7290], likewise pertains only to appeals to the supreme court.

If the superior court did not have appellate jurisdiction in the case at bar, it had no jurisdiction at all, because there was nothing before it except the transcript of the proceedings in justice court. No formal charge of crime was preferred against the defendants in the superior court other than the complaint which came up from the lower court as part of the transcript on appeal. Whether or not the superior court would have acquired jurisdiction if the state had filed an information directly in that court after the justice of the peace dismissed the action, is a question which is not before us for determination, because the record discloses that no such information was filed.

There being no statute authorizing an appeal by the state from justice court, under the circumstances of

this case, the superior court did not have jurisdiction; and, for that reason, the order dismissing the action will stand affirmed.

BLAKE, C. J., BEALS, MILLARD, and STEINERT, JJ., concur.

[1]Reported in 105 P. (2d) 813.