[No. 37229. Department One. November 7, 1963.]

THE STATE OF WASHINGTON, Respondent, v. OSMAR LADIGES
et al., Petitioners.*

*Edward P. Reed*, for petitioners.

*Alf M. Jacobsen*, for respondent.

OTT, C. J. — June 25, 1963, Osmar Ladiges and Richard Ladiges were convicted of the crime of assault in the third degree in the Justice Court of Goldendale Precinct, Klickitat County, and sentenced to serve 30 days in the county jail. They immediately gave oral notice of appeal to the superior

*Reported in 386 P. (2d) 416.

court, and deposited a cash bail and appeal bond as provided by law.

July 3, 1963, the justice of the peace filed a transcript of the justice court proceedings with the clerk of the Superior Court for Klickitat County, as provided by RCW 10.10.040. The justice of the peace mailed a copy to the attorney for the Ladigeses, but did not advise the attorney that he had filed the transcript in the superior court.

July 19, 1963, the prosecuting attorney moved to dismiss the appeal in the superior court for the reason that it had not been perfected, in accordance with the appeal time schedule provided by J Crim. R 6.01 and 6.03.

July 22, 1963, the Ladigeses, in writing, requested the justice of the peace to prepare a supplemental transcript of the justice court proceedings. July 23, 1963, the request was denied.

August 2, 1963, the Ladigeses filed in the superior court a notice requesting that the case be set for trial at the next jury term.

August 2, 1963, the superior court granted the state's motion to dismiss the appeal, and remanded the cause to the justice court for execution of the sentences imposed.

Osmar and Richard Ladiges, by this certiorari proceeding, seek a review of the judgment of dismissal which denied them their right of appeal.

On June 25, 1963, the procedure for appeal of a criminal case to the superior court from the justice court was prescribed by statute.

RCW 10.10.010 provides:

"Every person convicted before a justice of the peace of any offense may appeal from the judgment, within ten days thereafter, to the superior court. *The appeal shall be taken by orally giving notice thereof at the time the judgment is rendered,* or by serving a written notice thereof upon the justice at any time after the judgment, and within the time allowed for taking the appeal; when the notice is given orally, the justice shall enter the same in his docket. The appellant shall be committed to the jail of the county until he shall recognize or give a bond to the state, in such reasonable sum, with such sureties as said justice may require,

with condition to appear at the court appealed to, and there prosecute his appeal, and to abide the sentence of the court thereon, if not revised by a higher court." (Italics ours.)

RCW 10.10.040 provides:

"Upon an appeal being taken in a criminal action the justice shall require the witnesses to give recognizances for their appearance in the superior court, or, if they are not present, indorse their names on the copy of proceeding. *He shall on such appeal make and certify a copy of the conviction and other proceedings in the case, and transmit the same,* together with the recognizance and an abstract bill of the costs, *to the clerk of the court appealed to,* who shall issue a subpoena for the witnesses if they are not under recognizance." (Italics ours.)

The statutory procedure for the appeal of a criminal case on June 25, 1963, when petitioners gave their notice of appeal, provided for an oral notice, a bond, and the prompt filing in the superior court of the transcript of the justice court proceedings. The setting of the cause for trial in the superior court, after perfection of the appeal, was governed by superior court rules. The record shows that oral notice of appeal was given immediately, the bond was approved and deposited, and the transcript filed in the superior court within 8 days after the notice of appeal was given. The statutory appeal procedure was precisely followed, and the appeal effected. There is no contention that the request of August 2, 1963, for setting for a jury trial was not in conformity with superior court rules.

New rules for accomplishing an appeal from the justice court to the superior court became effective July 1, 1963.

J Crim. R 6.01 provides:

"Appeals shall be to the superior court of the county in which the court of limited jurisdiction is located. The appeal from a justice court located in a joint justice court district shall be made to the superior court of the county where the offense was alleged to have been committed. The appeal shall be taken by serving a copy of a written notice of appeal upon the attorney for the party in whose favor judgment was entered and by filing the original thereof with acknowledgement or affidavit of service thereof with the court in

which the case was tried within ten days after entry of judgment. If a motion for a new trial or for the arrest of judgment has been timely made, such notice and proof of service may be filed within ten days after entry of the order denying the motion.

"After notice of appeal is given as herein required, appellant shall diligently prosecute his appeal, and within thirty days from the day of entry of judgment, shall file with the clerk of the superior court a transcript duly certified by such judge, furnished by such judge without charge, and containing a copy of all written pleadings and docket entries of the lower court. Within ten days after the transcript is filed, appellant shall note the case for trial."

J Crim. R 6.02 provides:

"All sentences shall be stayed if an appeal is taken and defendant so elects and gives cash bail or his bond to the state which shall be deposited with the clerk of the court, in such reasonable sum with sureties as the lower court judge may require, upon the following conditions: that he will diligently prosecute the appeal and within thirty days after the entry of the judgment in the lower court file with the clerk of the superior court a transcript duly certified by the lower court judge containing a copy of all the records and proceedings in the lower court; that he will within ten days after the same is filed in the superior court note the case for trial, and will appear at the court appealed to and comply with any sentence of the superior court, and will if the appeal is dismissed for any reason, comply with the sentence of the lower court. Whenever the transcript is filed in the superior court, and any cash bail or bail bond has been filed with the lower court, the judge thereof shall transfer the same to the superior court in which the appeal is pending, there to be held pending disposition of the appeal and shall also deliver to the said court any exhibits introduced into evidence in the trial before the lower courts, which exhibits may be offered in evidence if a trial is had in the superior court, otherwise to be returned to the custody of the lower court judge.

"If the appellant fails to provide security, sentence imposed shall be executed."

J Crim. R 6.03 provides in part:

"If the appellant fails to proceed with the appeal within the time and manner herein provided, the superior court shall upon motion of the respondent dismiss the appeal if

the transcript has been there filed, otherwise, the lower court shall do so. . . ."

The new procedure for appeals taken subsequent to July 1, 1963, is as follows: (1) The notice of appeal must be in writing, served, and filed with the justice court (with written acknowledgment of service) within 10 days after the entry of judgment, (2) a bond conditioned upon diligently prosecuting the appeal must be deposited with the justice court, (3) the *appellant* must file with the clerk of the superior court a certified copy of the justice court transcript within 30 days from the entry of judgment, and (4), within 10 days after the transcript is filed, the appellant must note the case for setting for trial in the superior court.

The trial court dismissed the appeal in the instant case upon the ground that the new rules, effective July 1, 1963, applied retroactively to an appeal taken June 25, 1963.

■ As a general rule, newly enacted statutes and newly adopted court rules operate prospectively only. *McDowell v. Burke*, 57 Wn. (2d) 794, 359 P. (2d) 1037 (1961). See, also, 14 Am. Jur., Courts § 156, p. 361.

In *McDowell v. Burke, supra*, which involved the effect of the application of new Rules of Pleading, Practice and Procedure to pending litigation, we said, p. 796:

". . . retroactive application would mean that most, if not all, pending actions would have to be begun anew. The court has made it clear that this result was not intended. . . ."

An exception to the general rule that laws are to be given prospective effect only is recognized in instances where the enacting authority clearly indicates that a retroactive effect was intended. *Ashenbrenner v. Department of Labor & Industries*, 62 Wn. (2d) 22, 380 P. (2d) 730 (1963); *Sorensen v. Western Hotels*, 55 Wn. (2d) 625, 349 P. (2d) 232 (1960).

■ The new rules governing criminal proceedings in courts of limited jurisdiction, effective July 1, 1963, contain no clause or section which indicates that the rules were intended to have a retroactive effect. J Crim. R 6.01 pro-

vides: "After notice of appeal is given *as herein required*, appellant shall diligently prosecute his appeal . . . " (Italics ours.) The notice of appeal "herein required" is a written notice with acknowledgment of service. Such a notice of appeal was not *required* on June 25, 1963. The rule plainly indicates that the procedure to perfect an appeal applies only to appeals taken in compliance with the new rules effective July 1, 1963; hence, it could not apply to a legal, oral notice of appeal given June 25, 1963.

The trial court erred in giving the new rules retroactive effect, and in dismissing the appeal.

■ Finally, under the new rules, an appellant is granted 30 days from the date of entry of judgment within which to file the transcript. Assuming, arguendo, that the new rules could be retroactively applied, and that the oral notice of appeal in the instant case was, in fact, a written notice "as herein required," the new rules do not empower a justice of the peace to file an appeal transcript in the superior court without proper authority, and thus shorten the 30 days' time granted to an appellant for filing the transcript. The new rules make it the duty of the appellant to file the transcript.

In the instant case, a transcript filed by the Ladigeses on July 25, 1963, would have been timely. Thereafter, a notice of setting for trial, if served and filed by August 4, 1963, would have been in compliance with the rule. It follows that the notice of setting for trial, served and filed August 2, 1963, was timely.

The judgment is reversed, and the cause remanded with instructions to reinstate the appeal. Costs will abide the final determination of the cause.

HILL, HUNTER, and HALE, JJ., and POYHONEN, J. Pro Tem., concur.