[No. 6306–1.   Division One.   July 16, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. JEFFREY ROHATSCH, *Appellant.*

*Robert Olson* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Roy Howson, Deputy,* for respondent.

DORE, J.—Defendant appeals his conviction for the crime of incest claiming his prosecution was outside the 60–day rule. (CrR 3.3).

## ISSUE

When does a defendant make a "preliminary appearance" to trigger the commencement of the running of the 60–day rule, pursuant to CrR 3.3?

## FACTS

On Saturday, September 17, 1977, defendant was arrested for incest. He was booked into jail in the early morning hours of September 18. On Monday, September 19, he made a preliminary appearance before the Seattle District Court, pursuant to JCrR 2.03. Unable to post bond, the defendant remained in continual custody until his trial on November 17, 1977. An information against the defendant was filed on September 22, 1977. On September 23, a trial was set for November 3, 1977, which was later reset to November 14, 1977. On November 14, the State moved for a continuance, pursuant to CrR 3.3(e)(2)(iii), because the deputy prosecutor assigned to the case was still engaged in trial on a previous case. The defendant objected and moved for dismissal pursuant to the 60–day rule. The prosecutor's motion for continuance was granted and the trial date was set for November 16, 1977. Trial in the instant case commenced on November 17, rather than November 16, due to the deputy prosecutor's continued participation for an additional day in the case upon which the motion for continuance was originally granted.

Defendant renewed his motion for dismissal again on November 17, 1977, claiming that the expiration date for the 60–day rule was effective only up to November 16, as provided by the trial court's order of continuance. Defendant's motion was denied from which he now appeals.

DECISION

ISSUE 1: The 60–day rule in CrR 3.3[1] begins to run when defendant initially appears in court to answer some allegation of crime or crimes.

Our State Supreme Court's most recent announcement on JCrR 3.08 is *State ex rel. Moore v. Houser*, 91 Wn.2d 269, 588 P.2d 219 (1978), wherein the court held the provisions of JCrR 3.08 requiring dismissal of criminal prosecution with prejudice for violation of the 60–day time limit differ from the constitutional guaranty of a speedy trial in that the rule terminates litigation automatically upon a violation without regard to prejudice whereas a guaranty of the Sixth Amendment is based primarily upon the presence of prejudice.

In *State ex rel. Moore v. Houser, supra,* our Supreme Court stated at pages 273–74:

It is argued that piecemeal review and resultant delay in the resolution of criminal cases should be deplored citing *United States v. MacDonald*, 435 U.S. 850, 56 L. Ed. 2d 18, 98 S. Ct. 1547 (1978). *MacDonald* is not in

---

[1]Pertinent provisions of CrR 3.3 (Speedy Trial Rule) CrR 3.3(c) Priority Over Civil Cases, provides:

"Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the *preliminary appearance*." (Italics ours.)

CrR 3.3(e) Continuances, provides:

"Continuances or other delays may be granted as follows:

"(1) On motion of the defendant on a showing of good cause.

"(2) On motion of the prosecuting attorney if:

"(i) the defendant expressly consents to a continuance or delay and good cause is shown; or

"(ii) the state's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time; or

"(iii) required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

"(3) The court on its own motion may continue the case when required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense."

CrR 3.3(g) Dismissal With Prejudice, provides:

"A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice."

point, however. In that case the court made it clear that the Sixth Amendment right to speedy trial would not be "irretrievably lost" if review awaited an appeal. Such is not the case where petitioner would be faced with a trial de novo as he would under JCrR 3.08. Although *MacDonald* stressed that the right to speedy trial does not involve the right not to be tried the contrary is true with JCrR 3.08. The rule itself calls for *dismissal with prejudice* if the 60–day limit is violated. Further, the extent of Sixth Amendment "speedy trial" rights is a relative matter based primarily upon the *presence of prejudice* in the individual case. To the contrary, dismissal is *required* by JCrR 3.08 *whether a defendant is prejudiced or not.* Under JCrR 3.08 the question is not *prejudice* but an *absolute time limit set by rule.*

(Some italics ours.)

In *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975), the Supreme Court reversed and dismissed a criminal conviction holding it was error not to grant the defense counsel's motion to dismiss for the reason that the case was not brought to trial within 60 days pursuant to CrR 3.3. Justice Rosellini, speaking for the Supreme Court in dismissing a case where the State failed to prosecute within 60 days, stated at page 32:

Dismissal is required under CrR 3.3(f) if the case is not brought to trial in accordance with the rule. A showing of prejudice to the defendant is unnecessary. Cases such as *State v. Ladiges,* 63 Wn.2d 230, 386 P.2d 416 (1963), cited by the respondent, which were decided under the statute which formerly prescribed the rule for speedy trial (RCW 10.46.010), are not applicable. The doctrine of waiver, formerly applied by this court in cases such as *State v. Niblack,* 74 Wn.2d 200, 443 P.2d 809 (1968), is not entirely abrogated. The defendant must move for dismissal prior to going to trial. *See ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial* § 4.1 (Approved Draft, 1968). Annot., 57 A.L.R.2d 302, 336, 343 (1958).

The purpose of the rule is to insure speedy justice in criminal cases, insofar as reasonably possible. If continuances are necessary, they should be sought or entered

upon formal motion, with the reasons therefor being made a matter of record.

Since the rule was not complied with in this case and no justification for noncompliance has been shown, we conclude that the court was required to dismiss the action with prejudice. *See ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial, supra.*

█ We hold that the rule (CrR 3.3) requiring dismissal of criminal charges not brought to trial within 60 days of a defendant's "preliminary appearance" commences to run the day he appears for the first time in court to answer some allegation of crime or crimes, upon which the judicial officer ordered the defendant thereafter held in custody, or released on bail or recognizance.[2]

In the subject case, the defendant was arrested September 17, 1977, but was not jailed until early the next morning, September 18. He was arraigned the following day, September 19. Consequently September 19 triggered the 60-day rule.

In computing the 60 days, one doesn't count the first day but counts the last. Applying these guidelines, we determine that November 17, 1977, the first day of trial, was 59 days subsequent to the defendant's first appearance in court on September 19, 1977.

Apparently the prosecutor in requesting a continuance had miscounted the days in computing 60 days under CrR 3.3, for he believed the 60th day was November 14, 1977, when in fact November 14 was only the 56th day. The order of continuance of the trial to the 59th day (November 16), accomplished nothing as far as CrR 3.3 was concerned.

---

[2]The date a defendant is held to answer "is the date on which the defendant was brought before a judicial officer on some allegation of a crime or crimes (*not necessarily a charge*, as heretofore defined) upon which that judicial officer ordered the defendant thereafter held in custody or released on bail or recognizance. [*ABA Standards Relating to Speedy Trial* § 2.2(2) (Approved Draft, 1968), commentary at 19.] (Brief for Respondent at 6.)

The ABA standards should be consulted where a hiatus appears in CrR 3.3. *State v. Striker*, 87 Wn.2d 870, 873, 557 P.2d 847 (1976).

As it turned out there was no need for a continuance at all for defendant's trial was commenced on the 59th day.

Affirmed.

SWANSON, A.C.J., and ANDERSEN, J., concur.