[No. 6398–1. Division One. August 20, 1979.]

THE STATE OF WASHINGTON, *Appellant*, v. CASCADE
DISTRICT COURT, ET AL, *Respondents*.

*Russ Juckett, Prosecuting Attorney,* and *Seth R. Daw-son, Deputy,* for appellant.

*Jordan, Brinster, Templeman & Jordan, P.S.,* and *Timothy P. Ryan,* for respondents.

CALLOW, C.J.—The principal issue raised by this appeal is whether the State has the right to obtain by writ of certiorari superior court review of a district court's pretrial order dismissing the State's case for failure to preserve evidence. We hold that it does.

On December 9, 1977, the district judge for the Cascade District Court orally granted Steven Dorsey's pretrial motion to dismiss the charge of driving while intoxicated that had been brought against him. The dismissal was based upon the State's failure to preserve the ampule used in the Breathalyzer test administered to the defendant. On December 16, 1977, a written order of dismissal was entered by the court.

On December 19, 1977, the State applied ex parte to the Snohomish County Superior Court for a writ of certiorari in order to obtain review of the district court's order of dismissal. On January 12, 1978, the defendant filed a motion to quash writ, which motion was granted on January 20. On February 16, 1978, a written order to that effect was entered by the Superior Court.

The State appeals, contending that the order quashing the writ of certiorari was erroneously made because the State has no alternative means by which to obtain review of the district court's dismissal.

The State sought review by the Superior Court pursuant to RCW 7.16.040, which provides that a writ of certiorari shall be granted

> when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

The Superior Court quashed the State's writ on the ground that the State failed to meet the statutory prerequisite that it have no right of appeal, which the court found to exist by virtue of JCrR 6.01–.03. In so finding, the court was in error.

■ The justice court criminal rules relating to appeals, JCrR 6.01–.03, are patterned after the statutes from which the rules' language is derived. *Port Angeles v. Dustin,* 73 Wn.2d 712, 714, 440 P.2d 420 (1968), and cases cited therein. A comparison of the current justice court rules and the immediately preceding court rules, *see Seattle v. Buerkman,* 67 Wn.2d 537, 539–40, 408 P.2d 258 (1965), with those statutes[1] readily illustrates that the court rules were intended solely to fulfill the function of that part of the statutes' language upon which the court rules are based: to delineate the procedural steps of taking and perfecting an appeal, *Seattle v. Reed,* 6 Wn.2d 186, 189, 107 P.2d 239 (1940). *See also Seattle v. Buerkman, supra* at 540; *State v. Ladiges,* 63 Wn.2d 230, 386 P.2d 416 (1963). This was necessary in order "to establish uniformity among the courts of limited jurisdiction, to correct procedural defects and delays, and to promote more speedy final dispositions of cases appealed from justice and municipal courts." *Port Angeles v. Dustin, supra* at 715.

---

[1]*See* RCW 10.10.010 and RCW 10.10.040 (appeals from justices of the peace to superior court, *see State v. Ladiges,* 63 Wn.2d 230, 386 P.2d 416 (1963)); RCW 35.22.530–.550 (appeals from police court to superior court); and RCW 35.20.040–.060 (appeals from municipal court to superior court).

While the procedural mechanics of an "appeal" are governed by JCrR 6.01–.03, JCrR 1.02, the substantive grants of the rights of appeal and of review which often existed long before the procedural steps governing the exercise of those rights were codified, *see Seattle v. Reed, supra* at 188–89, are with few exceptions to be found in the statute books. JCrR 6.01–.03 do not grant the State a right of appeal.[2]

The questions thus presented are whether the State is afforded by statute the right to appeal from the district judge's order dismissing the State's case, and, if not, whether the State may obtain review of the order by means of a writ of certiorari.

 Judgments rendered in criminal proceedings are subject to review in the superior court by writ of review[3] or on appeal from municipal courts, RCW 35.20.030; RCW 3.50.370; *Petersen v. Seattle,* 21 Wn. App. 108, 111, 583 P.2d 1259 (1978); and police judges and justices, RCW 35.22.530; RCW 35.23.600; RCW 35.24.470; RCW 35.27.540. In contrast, RCW 10.10.010 provides only that "[e]very person convicted before a justice of the peace of any offense may appeal from the judgment, within ten days thereafter, to the superior court." *See also State v. Ladiges, supra.* Another name for justice of the peace is district judge; a district judge presides over the district court, which is the alternate name given a justice court. RCW 3.30.030. The State has no statutory right of appeal from district court. *State v. Rear,* 5 Wn.2d 534, 105 P.2d 827 (1940).

Review by writ of certiorari is available only when, as here, the aggrieved party has no appeal or any plain, speedy, and adequate remedy at law. RCW 7.16.040; *State*

---

[2]That the terms "respondent" and "appellant" rather than "defendant" generally appear throughout JCrR 6.01–.03 is of no consequence insofar as implying a grant of a right of appeal to the State. The State is granted a limited right of appeal by JCrR 4.11, and the language of JCrR 6.01–.03 comports with that right.

[3]A writ of review may also be denominated a writ of certiorari. RCW 7.16.030; *Berman v. Urquhart,* 48 Wn.2d 85, 87, 291 P.2d 655 (1955).

*ex rel. Shattuck v. French,* 82 Wash. 330, 333, 144 P. 28 (1914). *State ex rel. Brown v. Brinker,* 114 Wash. 47, 194 P. 574 (1921) is apposite to the case at hand. In *Brinker,* a justice court dismissed the State's complaint on the ground that the complaint did not state facts sufficient to constitute a crime. Certiorari was granted by the Superior Court. Called upon to consider the propriety of the grant of certiorari under section 1002, Remington's Code, which contained the same language as RCW 7.16.040, the Supreme Court held that certiorari was properly granted:

> [C]ertiorari is permissible on behalf of the state or municipality to review the actions of the inferior courts, . . . where, in criminal proceedings, those courts have discharged persons charged with crime, either by erroneously setting aside the complaint, or in arresting judgment on the ground that the facts stated in the complaint did not constitute a crime, or by committing some other material error in law not affecting the acquittal of a prisoner on the merits.

*State ex rel. Brown v. Brinker, supra* at 50. *See also Seattle v. Buerkman, supra* at 541; *State ex rel. Clark v. Hogan,* 49 Wn.2d 457, 460–61, 303 P.2d 290 (1956); *State ex rel. Foley v. Yuse,* 191 Wash. 1, 5–6, 70 P.2d 797 (1937). We hold that the State's claim of error by the district court may be raised by writ of review in the superior court.

The defendant asserts that even if the State may proceed from district court to superior court by means of the writ, it failed to exercise due diligence by not taking any steps to perfect review after timely applying for the writ, thereby necessitating our dismissal of the State's appeal to this court. The question of the State's due diligence, *see State ex rel. North Shore Boom & Driving Co. v. Superior Court,* 46 Wash. 169, 89 P. 479 (1907), should have been raised before the Superior Court. Having failed to do so, the defendant is precluded from raising the issue here for the first time.

Reversed and remanded to the Superior Court.

JAMES and WILLIAMS, JJ., concur.