PER CURIAM.
Summa Investing Corporation [Summa] appeals the entry of the portion of a final judgment foreclosing a second mortgage and an order denying Summa’s motion to correct the eighteen percent (18%) default rate of interest used to calculate the rate due under the second mortgage. We reverse.
In 1973, Herman W. Thompson and Mary Louise Thompson, then the owners of the property, executed a $28,000.00 first mortgage and note in favor of Financial Federal Savings and Loan Association of Dade County [Financial Federal], In 1983, Raymond E. Bellamy, the subsequent owner, executed a $12,000.00 second mortgage and note in favor of Daniel P. McClure and Corrine A. McClure [collectively, the McClures]. Bellamy signed the second mortgage, but his signature was witnessed and notarized by Corrine A. McClure who was a co-mortgagee. Bellamy never made any payments on the second mortgage. However, the McClures never exercised their option to accelerate the debt.
In 1985, Bellamy borrowed money from Steven Schiff and gave him a third mortgage. Bellamy defaulted on the third mortgage and Schiff foreclosed on the property. Ronald Baron and Miguel Hernandez bought the property at a foreclosure sale and sold it to Summa. Summa took title to the property without examining the status of the title. On March 25, 1988, Summa, after it took title, requested that the trial court enter an order in the foreclosure of the third mortgage disbursing the excess funds from the foreclosure sale to the McClures.
Financial Federal instituted a foreclosure action on the first mortgage on January 5, 1988. The clerk recorded a lis pendens on March 14, 1988, listing the McClures as the cross-plaintiffs seeking to foreclose on the property. The notice of lis pendens was addressed to Bellamy and Summa. The McClures purchased the first mortgage from Financial Federal on March 31, 1988. The trial court entered an order on June 21, 1988, dismissing Financial Federal as a party and allowing the McClures to replace Financial Federal as a plaintiff in the foreclosure action. The McClures filed an amended complaint seeking to foreclose on the first and second mortgages. Summa and the McClures filed motions for summary judgment. The court denied both motions on May 31, 1989. On July 27, 1989, the trial court decided to enforce both mortgages and awarded eighteen percent (18%) prejudgment interest on the second *502 mortgage from November 28, 1983, when the first interest payment fell into arrears. Summa appealed. This opinion deals with the second mortgage since Summa has abandoned its defense to the foreclosure on the first mortgage.
Summa contends that since the mortgage between Bellamy and the McClures was defectively acknowledged it was not entitled to recordation and it was, therefore, not constructive notice to Sum-ma, a subsequent purchaser. We agree.
Under Florida law, “[i]t is the generally accepted view that an officer or a person otherwise legally authorized to take acknowledgments is not qualified to act where he has a financial or beneficial interest in the proceedings or will acquire such interest under the instrument to be acknowledged.” 1 Fla.Jur.2d Acknowledgments § 11 (1977). Accordingly, the acknowledgment of a deed cannot be taken by a grantee or an interested party. Florida Sav. Bank & Real Estate Exch. v. Rivers, 36 Fla. 575, 18 So. 850 (1896); Hogans v. Carruth, 18 Fla. 587 (1882). In the instant case, the evidence is unrefuted that Corrine McClure was both a witness and a notary on a mortgage in which she was financially interested. Therefore, the acknowledgment is void and should have prevented the mortgage deed from being recorded. See Montgomery v. Carlton, 99 Fla. 152, 126 So. 135 (1930).
If the instrument is recorded despite the fact that it is improperly acknowledged, as occurred in the instant case, the recording is a nullity. See 1A C.J.S. Acknowledgments § 14(b) (1977). In McEwen v. Schenck, 108 Fla. 119, 146 So. 839 (1933), the court stated that “to entitle a mortgage of real estate to be recorded so as to ‘be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice’ ..., the execution thereof must be duly acknowledged....” This case was an early statement of the general rule that a mortgage which is defective or not entitled to be recorded does not give constructive notice to anyone, see 59 C.J.S. Mortgages § 261 (1949); 1A C.J.S. Acknowledgments § 14(b) (1977); Attorney’s Title Insurance Fund, Fund Title Notes § 1.05.01 (1989), and is invalid as against a subsequent purchaser for value or a subsequent creditor. See 1A C.J.S. Acknowledgments § 13(a) (1977). Finally, the Utah Supreme Court determined the same issue and stated:
The fact that plaintiff’s mortgage was recorded is of no avail to him. As before indicated, the acknowledgment of the execution of the mortgage sued on was made before and certified by the plaintiff himself as a notary public. By reason of this defect in its execution, the plaintiff’s mortgage was not entitled to be recorded, and the fact that it was actually recorded had no legal effect.
Norton v. Fuller, 68 Utah 524, 251 P. 29, 30-31 (1926) (citation omitted). Based on the foregoing authorities, we find that the second mortgage here at issue, while enforceable between the McClures and Bellamy, was not entitled to recordation, was not constructive notice to subsequent purchasers for value and, accordingly, should not have been foreclosed.
Since our decision as to the first issue is dispositive of this case, we do not need to address Summa’s remaining contention.
Reversed.