This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. A-1-CA-37350**

**RONALD RAY RENTERIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Kea W. Riggs, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Defendant Ronald Ray Renteria appeals following his conviction for criminal sexual contact of a minor. We previously issued a notice of proposed summary

disposition, proposing to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

**{2}** Because the relevant background information has previously been set forth, we will avoid undue reiteration here. Instead, we will focus on the specific arguments articulated in the memorandum in opposition.

**{3}** First, Defendant renews his argument that the district court erred in denying his motion for mistrial. [MIO 6-9] He continues to argue that the potential juror's remark tainted the jury pool and effectively denied his right to a fair trial. [MIO 6] However, given the isolated and spontaneous nature of the comment, we conclude that the district court acted within its discretion in electing to give a curative instruction. *See, e.g., State v. Vialpando*, 1979-NMCA-083, ¶¶ 21, 23, 25-27, 93 N.M. 289, 599 P.2d 1086 (arriving at a similar conclusion, under highly analogous circumstances); *and see generally State v. Fry*, 2006-NMSC-001, ¶¶ 52-53, 138 N.M. 700, 126 P.3d 516 (explaining that in this context we review for abuse of discretion, and indicating that when an inadvertent remark is at issue, a curative instruction is generally sufficient).

**{4}** We similarly reject Defendant's assertion that it was incumbent upon the district court to individually question the potential jurors. [MIO 8] We find no indication that Defendant requested such individual voir dire, and we reject the

suggestion that the district court was obligated to undertake such action *sua sponte*. *Cf. State v. Johnson*, 2010-NMSC-016, ¶ 55, 148 N.M. 50, 229 P.3d 523 (observing, in relation to an analogous argument, that the failure of the district court to conduct an unrequested inquiry does not require reversal).

{5}     Defendant also continues to challenge the sufficiency of the evidence, specifically and exclusively attacking the State's showing with respect to the use of force. [MIO 9-14] However, as Defendant acknowledges, [MIO 11] we have previously held that there is no specific quantum of force necessary to establish this element. *State v. Huff*, 1998-NMCA-075, ¶¶ 11-12, 125 N.M. 254, 960 P.2d 342. "The issue is not how much force or violence is used, but whether the force or violence was sufficient to negate consent." *Id.* ¶ 12. In this case, the victim's description of the touching clearly negates consent. [MIO 3] We therefore reject the claim of evidentiary insufficiency.

{6}     Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{7}     **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**

3

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**EMIL J. KIEHNE, Judge**